**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**DORA DEL CARMEN CAMPOS,**

  **Plaintiff,**

  v.

**WASHINGTON METROPOLITAN**
**AREA TRANSIT AUTHORITY,**

  **Defendant.**

**Civil Action No. 22-3691 (JDB)**

---

## MEMORANDUM OPINION & ORDER

Before the Court is Washington Metropolitan Area Transit Authority's ("WMATA") motion to dismiss for lack of prosecution. For the following reasons, the Court will grant the motion without prejudice.

### Background

On or about September 19, 2022, Dora Del Carmen Campos filed this negligence action against WMATA in D.C. Superior Court, alleging that she was permanently injured while riding a city bus. Compl. [ECF No. 1-3]. WMATA removed the lawsuit to this Court on December 9, 2022, and filed its answer the same day. Notice of Removal [ECF No. 1]; Answer & Jury Demand of Def. WMATA [ECF No. 3] ("Answer"). The case sat silent for five months as neither Del Carmen Campos, nor any attorney representing her, made an appearance before this Court. On May 9, 2023, the Court set an initial scheduling conference. Order for Initial Scheduling Conference [ECF No. 6].

Three days before the scheduled hearing, WMATA filed a motion to continue, citing the continued failure of counsel to appear on behalf of Del Carmen Campos. Mot. to Continue Initial Scheduling Conference & for Order Requiring Pl. to Indicate Within 30 Days if She Will Retain Counsel or Proceed Pro Se [ECF No. 7] ("June 12, 2023 Mot. to Continue") ¶¶ 3–6. WMATA

1

advised the Court that it had been "informed by Craig I. Meyers, Esq.," who served as plaintiff's counsel in D.C. Superior Court, "that he is not a member of the bar of this Court and that it was anticipated that new counsel would appear on behalf of the Plaintiff." Id. ¶ 3. Hence, the Court reset the scheduling conference and ordered that "plaintiff shall indicate whether she will retain counsel or proceed pro se in this matter by not later than July 14, 2023." June 13, 2023 Min. Order. Plaintiff did not so indicate.

On July 25, 2023, WMATA moved to dismiss the lawsuit with prejudice for lack of prosecution. Mot. to Dismiss for Failure to Prosecute [ECF No. 8] ("Mot."). WMATA simultaneously moved to continue the scheduling conference due to its continued inability to coordinate with plaintiff. Mot. to Continue Initial Scheduling Conference [ECF No. 9] ("July 25, 2023 Mot. to Continue"). The Court granted the motion to continue and reset the scheduling conference. July 26, 2023 Min. Order. Copies of the Court's May 9, June 13, and July 26 Orders were mailed to Del Carmen Campos and her former counsel on July 26 in an effort to obtain a response.

Hearing nothing, on August 22, the Court issued an order directing Del Carmen Campos to "show cause and file an explanation in writing as to why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 83.23." Order to Show Cause [ECF No. 12] at 2. The Court set a response deadline of September 15, and directed the Clerk of Court to mail copies to Del Carmen Campos and her former attorney. See id. at 2–3. The Court has not received any response. Accordingly, the Court will consider WMATA's motion to dismiss for failure to prosecute without plaintiff's opposition.

## Legal Standard

A court may dismiss a case upon a defendant's motion "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b); accord Local Civ. R. 83.23. Dismissal is warranted "if, in view of the entire

procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." Bomate v. Ford Motor Co., 761 F.2d 713, 714 (D.C. Cir. 1985). "'A lengthy period of inactivity may . . . be enough to justify dismissal under Rule 41(b)[,]' especially 'if the plaintiff has been previously warned that [she] must act with more diligence, or if [she] has failed to obey the rules or court orders, or if [she] has no excuse for delay . . . .'" Elgabrowny v. Cent. Intel. Agency, Civ. A. No. 17-66 (TSC), 2021 WL 4988992, at *2 (D.D.C. Oct. 17, 2021) (citation omitted) (quoting Smith-Bey v. Cripe, 852 F.2d 592, 594 (D.C. Cir. 1988)). While a plaintiff proceeding pro se is "afforded some latitude in prosecuting her case, 'such leeway does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure,' a court's local rules, or a court's orders." Allen v. Addi, Civ. A. No. 20-1650 (TSC), 2023 WL 4684927, at *2 (D.D.C. July 21, 2023) (quoting Moore v. Robbins, 24 F. Supp. 3d 88, 97 (D.D.C. 2014)).

## Analysis

Dismissal of this lawsuit is warranted by Del Carmen Campos's apparent abandonment of the action. It has now been more than nine months since WMATA removed this lawsuit to federal court. See Notice of Removal. During this period, despite continued efforts by WMATA and the Court to contact plaintiff, she has not once appeared. WMATA has routinely served its filings by mail on Del Carmen Campos and her former counsel. See id. at 3 (certifying service by mail to Meyers); Answer at 4 (same); June 12, 2023 Mot. to Continue at 3 (certifying service by mail to Del Carmen Campos and Meyers); Mot. at 2–3 (same); July 25, 2023 Mot. to Continue at 3 (same). And WMATA has been in contact with her former counsel at least once regarding the removal to federal court. See June 12, 2023, Mot. to Continue ¶ 3.

Likewise, the Court has ordered Del Carmen Campos to appear for scheduling conferences on three occasions, to inform the Court of her plan with regards to counsel, and to show cause why

this action should not be dismissed.  Order for Initial Scheduling Conference; June 13, 2023, Min. Order; July 26, 2023, Min. Order;  Order to Show Cause at 2.  Even though the Court mailed these orders to plaintiff and her former attorney, the Court has not received any response.  By failing to acknowledge any of the Court's orders for such a "lengthy period," Elgabrowny, 2021 WL 4988992, at *2 (internal quotation marks omitted), Del Carmen Campos has "not manifested reasonable diligence in pursuing the cause."  Bomate, 761 F.2d at 714; see Hernandez v. U.S. Env't Prot. Agency, Civ. A. No. 22-266 (CKK), 2023 WL 4198288, at *2 (D.D.C. June 27, 2023) (dismissing case after pro se plaintiff had been "absent from [the] case . . . [for] more than 15 months"); Elgabrowny, 2021 WL 4988992, at *2–3 (dismissing case after pro se plaintiff disappeared from case for 19 months and failed to timely respond to defendant's motion to dismiss for lack of prosecution).  Plaintiff's persistent delay has reached the point of wasting judicial resources.  See Garlington v. D.C. Water & Sewer Auth., 62 F. Supp. 3d 23, 29 (D.D.C. 2014) (noting that "plaintiff's disinterest in prosecuting her own case . . . diverted judicial resources and attention from other pending litigation").

The Court has tried to use "'less dire alternatives' . . . without success."  Peterson v. Archstone Cmtys. LLC, 637 F.3d 416, 418 (D.C. Cir. 2011) (quoting Noble v. U.S. Postal Serv., 71 F. App'x 69, 69 (D.C. Cir. 2003)).  The Court warned Del Carmen Campos and her former attorney that if she failed to respond to the Order to Show Cause, the Court would consider WMATA's motion to dismiss without her input and may dismiss the matter without prejudice. Order to Show Cause at 2.  Thus, the Court "provided . . . notice . . . that it was considering this course," Noble, 71 F. App'x at 69, and gave Del Carmen Campos "opportunity to show cause or to explain why the suit should not be dismissed for inactivity," Smith-Bey, 852 F.2d at 594; see Garlington, 62 F. Supp. 3d at 28–30; Wingo v. WMATA, Civ. A. No. 19-3507 (ACR), 2023 WL 2562542, at *1–2 (D.D.C. Mar. 16, 2023).  Having failed to respond to the show cause Order, or

any prior Order of the Court, plaintiff is not entitled to maintain her action.  The Court will, therefore, grant WMATA's motion to dismiss for failure to prosecute.

The Court will not, however, dismiss this case <u>with prejudice</u>, as WMATA requests.  <u>See</u> Mot. ¶ 7.  "An order dismissing a claim for failure to prosecute shall specify that the dismissal is without prejudice, unless the Court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party."  Local Civ. R. 83.23.  Because WMATA offers no basis for its assertion that "[a]llowing this matter to proceed would be prejudicial and unfair to Defendant WMATA,"  Mot. ¶ 6, the Court "sees no reason to depart from [the] default rule, particularly in light of Plaintiff's apparent <u>pro se</u> status," <u>Wingo</u>, 2023 WL 2562542, at *2.

\*       \*       \*

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [8] defendant's motion to dismiss for failure to prosecute is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that this case is **DISMISSED** without prejudice.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: <u>September 18, 2023</u>